UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY WAGNER,<br><br>    Plaintiff,<br><br>    v.<br><br>SHASTA COUNTY; SHASTA COUNTY SHERIFF'S DEPARTMENT; and DOES 1 through 20, inclusive,<br><br>    Defendants. | No. 2:20-cv-00403-JAM-DMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

Cindy Wagner filed suit against Shasta County and its sheriff's department in Shasta County Superior Court. See Ex. A to Notice of Removal ("Compl."), ECF No. 1. Defendants removed the case to federal court, invoking this Court's federal question jurisdiction and supplemental jurisdiction. Notice of Removal at 1 (citing 28 U.S.C. §§ 1331, 1343). Wagner timely filed a motion to remand, but failed to first satisfy the Court's meet-and-confer requirements. See Mot. to Remand ("Mot."), ECF No. 4; Order re Filing Requirements, ECF No. 2-2. The Court dismissed her motion on this ground. ECF No. 9.

Five days later, Wagner filed a response to the Court's dismissal. ECF No. 10. Good cause appearing, the Court sua

1

sponte VACATES its dismissal and decides Wagner's motion on the merits, based on her opening brief and Defendants' opposition, ECF No. 8.[1] But for the reasons discussed below, Wagner's motion to remand is nonetheless denied.

## I. OPINION

A defendant may remove a case from state to federal court if the federal court would have had jurisdiction over the matter were it originally filed there. 28 U.S.C. § 1441; Moore-Tomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1243 (9th Cir. 2009). The defendant then bears the burden of establishing that removal is proper. Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). Although the federal removal statute carries with it a "strong presumption against removal," id., a plaintiff may not defeat removal by "artfully pleading" a federal cause of action as a state claim. Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998).

District courts have federal question jurisdiction over all suits "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The first five claims in Wagner's complaint allege Defendants' unconstitutional conduct violated 42 U.S.C. § 1983—a federal statute. Compl. ¶¶ 39-90. The sixth claim contends that same conduct also gives rise to a Bane Act claim under state law. Compl. ¶¶ 91-94. Lastly, Wagner raises claims of negligence, battery, and intentional infliction of emotional distress. Compl. ¶¶ 95-115.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

There is simply no denying that Wagner's section 1983 claims arise under federal law.  And as Defendants' opposition argues, Raines v. Criterion Sys. Inc., 80 F.3d 339, 343 (9th Cir. 1996) does not alter this conclusion.  Opp'n at 5.  The Court has federal-question jurisdiction over Wagner's first five causes of action.  Moreover, this Court has supplemental jurisdiction over Wagner's four state-law claims.  See 28 U.S.C. § 1367.  These claims arise out of the same factual allegations as Wagner's federal claims, and are "so related" to the federal claims "that they form part of the same case or controversy."  Id.  The considerations set forth in section 1367(c) do not provide the Court with any compelling basis for declining to exercise supplemental jurisdiction here.

The Court has subject-matter jurisdiction over Wagner's federal and state law claims.  Removal was therefore proper.

## II.   ORDER

For the reasons set forth above, the Court DENIES Plaintiff's motion to remand.

IT IS SO ORDERED.

Dated: May 19, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE