UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY WAGNER,<br><br>    Plaintiff,<br><br>    v.<br><br>SHASTA COUNTY; SHASTA COUNTY SHERIFF'S DEPARTMENT; and DOES 1 through 20, inclusive,<br><br>    Defendants. | No. 2:20-cv-00403-JAM-DMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND** |

On January 23, 2020, Cindy Wagner ("Plaintiff") filed suit against Shasta County, the Shasta County Sheriff's Department, and Does 1-20 in Shasta County Superior Court for civil rights violations arising from injuries she sustained when Shasta County Sheriff's Deputies used force against her in the Shasta County Jail. See Compl. ¶¶ 18, 19, ECF No. 1. Shasta County ("Defendant") removed the matter to federal court on February 21, 2020. See Notice of Removal, ECF No. 1. The Court granted in part and denied in part Defendant's Motion for Judgment on the Pleadings ("JOP") on November 3, 2020. See Order on Mot. for JOP, ECF No 25. Plaintiff now moves for leave to file a First Amended Complaint ("FAC") to add Deputy Robert VanGerwen as a

named defendant. See Mot. to Am. ("Mot."), ECF No. 28. Defendant opposes the motion. See Opp'n, ECF No. 32. Plaintiff filed a reply. See Reply, ECF No. 33.

For the reasons set forth below, the Court DENIES Plaintiff's Motion to Amend.[1]

## I. BACKGROUND[2]

On June 8, 2020, the Court issued an initial pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16(b) which established, *inter alia*, a cut-off date for joining additional parties and amending the complaint. See Sched. Order, ECF No. 14. The scheduling order states: "No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown." Id. at 1. On April 28, 2021, the parties stipulated to continuing some of the Court's pretrial scheduling order deadlines but left the cut-off date for joining additional parties and making amendments unchanged. See Order Continuing Sched. Order Deadlines ¶ 2, ECF No. 31.

On June 26, 2020, Defendant served Plaintiff with its initial disclosures. Carpenter Decl. ¶ 3, ECF No. 32. Within those initial disclosures, Defendant named VanGerwen as a witness to the incident who was "likely to have discoverable information." See Initial Disc. No. 7, ECF No. 32. VanGerwen was also identified as having been interviewed during the

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 8, 2021.
[2] The facts of the case are set forth in detail in the Court's previous Order. See Order on Mot. for JOP at 2-3. They will not be reduced into writing again here.

internal affairs investigation into the incident as part of the list of relevant documents and materials in the initial disclosures. See Initial Disc. Tabs 6, 32.

On December 4, 2020, Plaintiff served Defendant with a first set of interrogatories and requests for production of documents. Carpenter Decl. ¶ 4. On January 11, 2021, Defendant responded to Plaintiff's initial interrogatories and requests for production. Carpenter Decl. ¶ 5. Defendant produced the recording and transcript of VanGerwen's internal affairs interview conducted on September 19, 2019. See Def.'s Resp. to Req. for Produc., Tabs 6, 22, ECF No. 33-1. Defendant also produced a notice to VanGerwen regarding the internal affairs interview and VanGerwen's training activity log. Id. at Tabs 29, 50.

Plaintiff, for her part, argues VanGerwen's name was not disclosed to her until "February 12, 2021, in response to written discovery requests." Mot. at 2. And that Plaintiff's counsel thereafter repeatedly requested that Defendant stipulate to including VanGerwen's name in a FAC. Id. However, it was not until April 6, 2021, that Defendant's counsel informed Plaintiff's counsel that Defendant would not stipulate to adding VanGerwen as a named defendant in a FAC. Id. The instant motion ensued.

II. OPINION

A. Legal Standard

After the Court has filed a pretrial scheduling order, a party's motion to amend must satisfy Rule 16(b)'s "good cause" requirement. Johnson v. Mammoth Recreations, Inc., 975 F.2d

3

604, 607-08 (9th Cir. 1992); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) ("But where the Court has entered a scheduling order, a request to amend the pleadings is no longer governed by Rule 15; rather, Rule 16 controls."). This requirement primarily looks to "the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. "[T]he existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion." Id. But, unlike Federal Rule of Civil Procedure 15's analysis, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. If the "[moving] party was not diligent, the inquiry should end." Id.

Both sides overlook the Rule 16(b) question, and only analyze the Rule 15(a) factors. However, given the Rule 15(a) factors require consideration of undue delay and prejudice, the parties' arguments lend themselves sufficiently well to a Rule 16(b) analysis.

B. Rule 16(b)

The "good cause" requirement "typically will not be met where the party seeking [modification] has been aware of the facts and theories supporting amendment since the inception of the action." Id. at 737. Indeed, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 610. Plaintiff argues she should be granted leave to amend the complaint to add VanGerwen as a named defendant because "his name was not disclosed as part of Defendant's initial Rule 26 disclosures," instead, it was disclosed for the first time on February 12,

2021. Mot. at 2. Defendant counters that Plaintiff has been aware of VanGerwen's involvement in the incident for some time now, and thus, has not been diligent in seeking amendment. Opp'n at 4. As a result, Plaintiff has failed to establish good cause. The Court agrees.

Defendant first disclosed VanGerwen's name to Plaintiff as part of its initial disclosures on June 26, 2020. See Initial Disc. No. 7. Therein, Defendant not only identified VanGerwen, but also described him as a witness to the incident who was likely to have discoverable information. Id. Plaintiff incorrectly asserts that she received VanGerwen's name for the first time on February 12, 2021. At this point, Plaintiff should have considered VanGerwen a high priority witness. Especially considering the initial disclosures also noted that VanGerwen was interviewed during the internal affairs investigation into the incident. See Initial Disc. Tabs 6, 32.

Then, on January 11, 2021, Defendant responded to Plaintiff's first set of interrogatories and requests for production of documents. See Def.'s Resp. to Req. for Produc. Included in Defendant's response was the recording and transcript of VanGerwen's internal affairs interview. Id. at Tabs 6, 22. By Plaintiff's own admission, VanGerwen's internal affairs interview revealed his role in the incident. See Reply at 2 (Once the recording and transcript of the interview was produced, "Plaintiff would have known that VanGerwen threw her into the wall."). Thus, as of January 11, 2021, Plaintiff understood VanGerwen to be one of the deputies who allegedly used force against her while she was detained in the Shasta County Jail.

5

Plaintiff argues that Defendant was obligated to detail VanGerwen's involvement sooner, pursuant to Federal Rule of Civil Procedure 26, which requires parties identify each individual likely to have discoverable information, along with the subjects of that information. See Reply at 1-3. Defendant identified VanGerwen in its initial disclosures. Moreover, Defendant identified him as a witness to the incident. In other words, Defendant disclosed that VanGerwen was in possession of discoverable information: Notably, he could provide a first-hand account of what happened to Plaintiff in the jail. Thus, Defendant disclosed to Plaintiff what Rule 26 requires.

Plaintiff knew of VanGerwen as early as June 26, 2020, fourth months after the case was removed to federal court and just after the Court issued its scheduling order. Nearly one year has passed since VanGerwen was first identified. Even assuming VanGerwen's identification in Defendant's initial disclosures was insufficient to put Plaintiff on notice of the degree of his involvement and potential liability, Plaintiff waited until December 4, 2020, to serve Defendant with a first set of interrogatories and requests for production. Plaintiff's counsel's explanation for this five-month delay is insufficient. See Reply at 4 ("There does appear to have been about a five month 'delay' in getting formal discovery sent out to Defendant which is attributable to the associate who was handling the case being occupied with other matters on this and other cases and preparing to leave Plaintiff's lawyer's firm."). That Plaintiff did not receive the complete details of VanGerwen's involvement until January 11, 2021, is entirely attributable to her

attorneys' own delay.

Moreover, once Plaintiff received the recording and transcript of VanGerwen's internal affairs interview, another three months passed before the instant motion was filed. Plaintiff's attorney attributes this to Defendant's counsel's unresponsiveness to Plaintiff's counsel's requests to stipulate to amendment. See Mot. at 2. This explanation is similarly unpersuasive. Defendant's lack of response does not grant Plaintiff leave to sit on her hands and wait. Diligence requires Plaintiff to act when Defendant stays silent or refuses to cooperate. See Johnson, 975 F.2d at 609.

In addition, were the Court to grant Plaintiff leave to amend at this stage, Defendant would suffer a degree of prejudice. Under the Court's amended deadlines, the discovery deadline is just over four months away and the dispositive motion deadline is approximately six months away. See Mins., ECF No. 31. Considering the rate at which discovery has proceeded thus far, the Court is not persuaded both sides will be able to complete discovery and motions practice relating to a new named defendant and any new theories of liability asserted against him. See GSI Tech., Inc. v. United Memories, Inc., WL 4463742, at *3 (N.D. Cal. 2015) ("Prejudice [] exists where there will be no period to file dispositive motions on amended pleadings."); see also Jackson v. Bank of Haw., 902 F.2d 1385, 1387 (9th Ci. 1990) (Prejudice exists where "[a]dditional claims advance different legal theories and require proof of different facts.").

In sum, Plaintiff's lack of diligence prevents her from making the requisite showing of "good cause" here. As does the

7

prejudice such a delayed amendment would impose on Defendant. Accordingly, the Court finds that Plaintiff has not satisfied Rule 16(b)'s requirement. Because Plaintiff failed to show good cause to amend under Rule 16(b), the Court need not address whether the amendment to the complaint is proper under Rule 15.

## III. ORDER

For the reasons set forth above, the Court DENIES Plaintiff's Motion to Amend.

IT IS SO ORDERED.

Dated: June 21, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE