1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   CINDY WAGNER,                           No.  2:20-CV-0403-JAM-DMC

12                    Plaintiff,

13        v.                                  <u>ORDER</u>

14   SHASTA COUNTY,

15                    Defendant.

16

17          Plaintiff, who is proceeding with retained counsel, brings this civil action.

18   Pending before the Court is Defendant's motion, ECF No. 39, to compel Plaintiff's attendance at

19   a psychological independent medical examination (IME) to be conducted by Dr. F. David

20   Rudnick on November 2, 2021.[1]  The parties appeared before the undersigned in Redding,

21   California, on October 27, 2021, at 2:00 p.m.  Plaintiff's counsel Stuart Altemus, Esq., appeared

22   telephonically.  Defendant's counsel Lynn Carpenter, Esq., appeared in person.

23          Pursuant to Federal Rule of Civil Procedure 35(a)(1), the Court may order a party

24   "whose mental. . .condition. . . is in controversy to submit to a. . .mental examination by a

25   suitably licensed or certified examiner."  The parties agree that the Supreme Court has held that a

26   plaintiff who alleges mental injuries as a result of defendant's conduct necessarily places her

27   _____

28   [1]       The parties have agreed to a physical IME to be conducted by Dr. Eldan Eichbaum
     on November 12, 2021, at 9:00 a.m.  <u>See</u> ECF Nos. 41 (stipulation) and 42 (order).

1  mental condition in controversy.  See ECF No. 44, pgs. 4, 7 (joint statement citing Schlagenhauf

2  v. Holder, 379 U.S. 104, 119 (1964)).  The parties also agree that mental examinations are

3  generally not ordered for "garden variety" emotional distress claims and will only order such an

4  exam if any one of five factors is present.  See id. 5, 7-8 (citing Gavin v. Hilton Worldwide, Inc.,

5  291 F.R.D. 161, 164 (N.D. Cal. 2013)).  The Gavin factors are: (1) the complaint includes a claim

6  for intentional or negligent infliction of emotional distress; (2) the plaintiff alleges a specific

7  mental or psychiatric injury or disorder; (3) the plaintiff claims unusually severe emotional

8  distress; (4) the plaintiff offers expert testimony to support the claim of emotional distress; or (5)

9  the plaintiff concedes that her mental condition is "in controversy" for purposes of Rule 35.  See

10  id.

11          Plaintiff's complaint, which was originally filed in the Shasta County Superior

12  Court, is attached to Defendant's notice of removal.  In her Ninth Cause of Action, Plaintiff

13  specifically alleges a claim for intentional infliction of emotional distress.  Plaintiff also claims

14  damages in the form of anxiety and emotional distress, incurred to date and to be suffered in the

15  future.  At her deposition, Plaintiff testified that she suffered severe psychological injuries as well

16  as worsened anxiety and depression which prevent her from working.

17          At the hearing, Plaintiff's counsel agreed to dismiss the Ninth Cause of Action for

18  intentional infliction of emotional distress.  Plaintiff's counsel also agreed to limit Plaintiff's

19  damages claims to "garden variety" emotional damages and further agreed not to assert severe

20  emotional damages.  With these concessions, Defendant's counsel agreed to withdraw the

21  pending motion for an IME.  The Court accepts the parties' stipulation for voluntary dismissal of

22  the Ninth Cause of Action, which will be dismissed.  The Court also accepts Plaintiff's counsel's

23  statements, made on the record, that the case will be limited to "garden variety" emotional

24  damages.

25          The Court discussed with the parties their continuing obligation to work together

26  in good faith, noting that had the agreements and stipulations been offered during the meet-and-

27  confer process, the motion and time associated with it could have been avoided.  The Court

28  declined to issue sanctions subject to the admonition that the Court expects counsel to operate in

1 | good faith.

2 |     The parties jointly requested a settlement conference to be held in or before

3 | December 2021.

4 |

5 |     Accordingly, IT IS HEREBY ORDERED that:

6 |     1.  The parties' stipulation for voluntary dismissal of the Ninth Cause of

7 | Action, presented orally at the hearing, is accepted and the Ninth Cause of Action is dismissed;

8 |     2.  Plaintiff agrees to limit her case to only those emotional damages which

9 | can be characterized as "garden variety" and will not offer evidence of more severe emotional

10 | injuries or damages; and

11 |     3.  Defendant's motion, ECF No. 39, is withdrawn and terminated as a

12 | pending motion.

13 |     4.  On further stipulation of the parties, this matter will be directed to a

14 | settlement conference before a Magistrate Judge to be assigned. That assignment, and the date

15 | and time for the settlement conference, will be the subject of a separate order.

16 |

17 | Dated:  October 27, 2021

18 | 

19 |                  DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3