# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY WAGNER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SHASTA COUNTY,<br><br>　　　　Defendant. | No. 2:20-CV-0403-JAM-DMC<br><br><br>ORDER |

Plaintiff, who is proceeding with retained counsel, brings this civil action. Pending before the Court is Defendant's motion, ECF No. 66, to compel the second deposition of percipient witness Tony Wagner. The parties appeared before the undersigned for a hearing in Redding, California, on April 8, 2022, at 10:00 a.m. Stewart Altemus, Esq., appeared for Plaintiff. Lynn L. Carpenter, Esq., appeared for Defendant. After considering the parties' arguments, and upon submission of new evidence for in camera review, the Court allowed supplemental briefing on whether the new evidence is subject to mandatory disclosure under Federal Rule of Civil Procedure 26. The parties have submitted supplemental briefing, ECF Nos. 69 and 70, and the Court has reviewed the new evidence submitted.

/ / /

/ / /

/ / /

        Defendant seeks leave to take a second deposition of percipient witness Tony Wagner based on newly discovered evidence. See ECF No. 63, pg. 3. According to Defendant, "Mr. Wagner has made recent representations that he was not honest in his April 14, 2021, deposition about key details regarding the subject use of force incident and the nature and extent of plaintiff's personal injury claims." Id.

        Defendant states:

> On November 5, 2021, Mr. Wagner contacted our office and indicated that he wanted to correct his prior testimony given at deposition [O'Linn Dec., ¶ 3.] Mr. Wagner indicated that he and Ms. Wagner were in the process of divorcing and that he wanted to correct statements that he had made regarding the subject use of force incident and plaintiff's alleged injuries. *Id.* He further indicated that he knew that by correcting such testimony he may be in danger of the penalties associated with committing perjury, but that he wanted to do so nonetheless. *Id.* Mr. Wagner affirmatively stated that plaintiff had offered him monetary inducements in the form of half of whatever recovery she obtained in the lawsuit for him to provide favorable testimony for her at his deposition and that plaintiff was malingering with regard to her alleged injuries. *Id.*

ECF No. 63, pg. 4.

On the same day, Mr. Wagner spoke with Defendant's investigator and stated that he had been untruthful at the April 14, 2021, deposition. See id. at 5. Based on the interview, which was recorded and has been transcribed, Defendant's counsel prepared a declaration for Mr. Wagner to sign. See id. To date, Mr. Wagner has not signed the declaration. See id. at 6.

        Defendant argues that the Court may, in its discretion, allow for a second deposition under Federal Rule of Civil Procedure 30(a)(2)(A)(ii) and that good cause exists to do so based on Mr. Wagner's statements after the first deposition. See ECF No. 63, pg. 6. According to Plaintiff, defense counsel has been trying "surreptitiously" to obtain a declaration from Mr. Wagner, defense counsel improperly communicated directly with Mr. Wagner, who is represented by Plaintiff's counsel, and that defense counsel refuses to provide Plaintiff with a copy of the November 5, 2021, recorded statement. See id. at 8. Plaintiff argues a second deposition of Mr. Wagner should not be allowed because: (1) Defendant's motion is based on hearsay; (2) there is no legal basis to re-depose Mr. Wagner; and (3) a second deposition is unnecessary because Defendant already has the November 5, 2021, recorded statement with

which to impeach Mr. Wagner's existing deposition testimony.  See id. at 9-18.

A copy of the transcript of Mr. Wagner's November 5, 2021, recorded statement, obtained and provided by defense counsel, was submitted at the hearing for in camera review by this Court.  The parties have also submitted supplemental briefing on the discoverability of the November 5, 2021, recorded statement, which Plaintiff has not been provided.  In supplemental briefing, Defendant contends that the November 5, 2021, recorded statement will be used solely for impeachment and is thus exempt from disclosure pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i).  The Court does not agree.  While there is certainly some impeachment value in Mr. Wagner's recorded statement, which contradicts the testimony he gave at his first deposition, Mr. Wagner's recorded statement could also be used to support Defendant's defenses in this action. Whether and to what extent this is the case will be further elucidated by allowing a second deposition of Mr. Wagner.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion, ECF No. 66, to allow a second deposition of Mr. Wagner is granted;

2. Defendant shall produce a copy of the November 5, 2021, recorded statement to Plaintiff within three days of the date of this order; and

3. The Court sua sponte extends the discovery completion deadline to June 17, 2022, but only to allow for Mr. Wagner's second deposition.

Dated:  May 24, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3