# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY WAGNER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SHASTA COUNTY,<br><br>　　　　Defendant. | No. 2:20-CV-0403-JAM-DMC<br><br><br>ORDER |

Plaintiff, who is proceeding with retained counsel, brings this civil action. Pending before the Court is Plaintiff's motion, styled as a motion to compel, ECF No. 71, seeking leave to take in excess of ten depositions. Specifically, Plaintiff seeks permission to take the depositions of defense counsel, Mildred O'Linn, Esq., and defense counsel's investigator. The parties have filed a joint statement regarding the dispute, ECF No. 73. The parties appeared for a hearing before the undersigned in Redding, California, on May 25, 2022, at 11:00 a.m. Upon consideration of the parties' arguments, the matter was submitted.

/ / /

/ / /

/ / /

/ / /

/ / /

## I. PROCEDURAL BACKGROUND

This action proceeds on Plaintiff's original complaint, filed in the Shasta County Superior Court and removed to this court under the court's federal question jurisdiction. See ECF No. 1. Plaintiff alleges excessive force during her incarceration at the Shasta County Jail in Redding, California. See id. Pursuant to the most recent modified scheduling order, the deadline to complete all discovery is June 3, 2022. See ECF No. 60. The original discovery order defines "completed" as meaning that "all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with." ECF No. 14, pg. 5. The current motion is timely.

This case has been before the Court on two prior occasions to resolve discovery disputes. On October 27, 2021, the Court heard arguments on Defendant's motion to compel Plaintiff to submit to an independent psychological evaluation. Following the hearing, Plaintiff agreed to abandon her claim for emotional distress and Defendant agreed to withdraw its motion. See ECF No. 52. On April 8, 2022, the Court heard arguments on Plaintiff's motion relating to the deposition of Defendant's use of force expert, Robert Fonzi, and Defendant's motion relating to a second deposition of Plaintiff's husband Tony Wagner. At the conclusion of that hearing, Defendant submitted for in camera review the transcript of a recorded statement by Mr. Wagner taken by defense counsel's investigator on November 5, 2021. The Court invited further briefing on the issue of the discoverability of the recorded statement. On April 11, 2022, the Court issued an order resolving Plaintiff's motion concerning Mr. Fonzi's deposition. See ECF No. 68. On May 25, 2022, the Court issued an order granting Defendant's motion to take a second deposition of Mr. Wagner and directing Defendant to produce a copy of the November 5, 2021, recorded statement. See ECF No. 75.

///
///
///
///

## II.  DISCUSSION

In light of the Court's order directing Defendant to produce the November 5, 2021, recorded statement obtained by defense counsel's investigator, at the hearing Plaintiff withdrew her motion with respect to defense counsel's investigator.  Thus, the dispute presently before the Court concerns only leave to take the deposition of defense counsel, Ms. O'Linn.  Plaintiff properly seeks advance leave of Court pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(i) because the deposition currently sought would exceed the limit on ten depositions, which have already been taken.

In the joint statement, Plaintiff argues that leave to take Ms. O'Linn's deposition is necessary in order to develop the record for an anticipated motion to disqualify defense counsel.  Defendant contends Plaintiff has not shown good cause under Rule 30(a)(2)(A)(i) because there is no basis to disqualify defense counsel and depositions of a party's counsel is highly disfavored.

At the May 25, 2022, hearing on the currently pending motion, Plaintiff's counsel stated that he has agreed to conduct the deposition via remote means and anticipates no more than an hour for questioning Ms. O'Linn.  Counsel further stated that he intends to question O'Linn about what Mr. Wagner told her, why she thought it was appropriate to speak with Mr. Wagner, what made her realize later that it was improper for her to talk to Wagner, why counsel nonetheless believed it was appropriate to have her investigator talk to him, and why O'Linn never contacted Plaintiff's counsel regarding her contact with Mr. Wagner.  Defendant's counsel argued there is no evidence that Mr. Wagner was represented by Mr. Altemus or anyone at the time he contacted Ms. O'Linn.  Defendant's counsel also argued that a better source of the information Plaintiff seeks is the recorded statement which the Court has ordered be produced to Plaintiff.

At the April 8, 2022, hearing regarding Mr. Wagner's second deposition, the Court indicated it was inclined to allow a second deposition and further stated that it would entertain a motion to disqualify defense counsel if such a motion was supported by Mr. Wagner's testimony at a second deposition.  The Court has since granted leave to take Mr.

Wagner's second deposition and directed Defendant to produce the November 5, 2021, recorded statement. It may be the case that, upon review of the November 5, 2021, recorded statement and after taking Mr. Wagner's second deposition, Plaintiff may not require Ms. O'Linn's testimony to support a motion to disqualify defense counsel. Notably, upon the Court's order directing production of the November 5, 2021, recorded statement, Plaintiff withdrew her request for leave to take the deposition of defense counsel's investigator.

The Court finds that the most prudent approach is to allow the second Wagner deposition to take place before taking the extraordinary step of authorizing the deposition of defense counsel. Doing so would result in no prejudice to Plaintiff or her ability to seek disqualification of counsel after the second Wagner deposition.

### III.  CONCLUSION

Discovery in this matter is currently set to close on June 3, 2022, with the exception of Mr. Wagner's second deposition, as to which the discovery completion deadline has been extended to June 17, 2022. The Court, therefore, directs counsel to cooperate professionally and in good faith in scheduling Mr. Wagner's second deposition for a date prior to this extended deadline. The Court expects that cooperation in good faith requires Plaintiff's counsel to provide any reasonable cooperation to locate and serve Mr. Wagner a deposition notice or subpoena. The parties stipulated at the hearing that the transcripts of Mr. Wagner's second deposition and the November 5, 2021, recorded statement should be sealed. The Court agrees and will supplement the prior order in this regard.

If, following conclusion of Mr. Wagner's second deposition, Plaintiff still seeks leave to take Ms. O'Linn's deposition, the Court will entertain a renewed motion on shortened notice and without further required briefing (the parties may elect additional briefing, but would not be required to do so). Plaintiff may set a hearing on the next available calendar by contacting the Court's law clerk by email to estewart@caed.uscourts.gov. At such further hearing, the parties may discuss any impact Mr. Wagner's new deposition testimony may have on Plaintiff's request to depose Ms. O'Linn. Based on Plaintiff's counsel's representations at

4

the May 25, 2022, hearing, any deposition of Ms. O'Linn which this Court may allow will be conducted via remote means and last no longer than one hour.

Finally, if Ms. O'Linn's deposition is ultimately permitted, Plaintiff will be provided a short time within which to file any motion to disqualify defense counsel, which issue will be briefed and heard on shortened notice on the next available calendar after the motion is filed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion, ECF No. 71, for leave to take in excess of ten deposition is denied without prejudice; and

2. The transcripts of Mr. Wagner's second deposition and his November 5, 2021, recorded statement are ordered sealed.

3. The parties shall proceed according to the procedures set forth above regarding any further discovery requests or motion practice on the limited issue of potential disqualification of Defendant's counsel.

Dated:  May 27, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE