IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY WAGNER,<br><br>    Plaintiff,<br><br>  v.<br><br>SHASTA COUNTY,<br><br>    Defendant. | No. 2:20-CV-0403-JAM-DMC<br><br><br>ORDER |

Plaintiff, who is proceeding with retained counsel, brings this civil action. Pending before the Court are: (1) Defendant's motion, ECF No. 78, filed ex parte, to extend the discovery completion deadline; and (2) Plaintiff's motion, ECF No. 79, to quash subpoenas.

On June 8, 2020, the District Judge issued an initial scheduling order for this case. See ECF No. 14. That order required that all discovery be completed by July 30, 2021. See id. at 5. The order defined "completed" as meaning "that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with." Id. The July 30, 2021, discovery completion deadline has been extended by the District Judge to June 3, 2022. See ECF No. 60.

///

///

1

1          In its ex parte motion, Defendant seeks an extension of the discovery completion deadline to June 30, 2022, "for the limited purpose of obtaining documents from the following non-party entities: Pacific Hospital of Long Beach and Osteopathic Medical Board of California." ECF No. 78, pg. 1. According to Defendant, it learned at the May 25, 2022, deposition of Plaintiff's treating physician, Dr. Thomas McKnight, Jr., that Dr. McKnight had been the subject of disciplinary action by these entities that resulted in revocation of hospital privileges. See id. at 2. In response to this information, Defendant served two subpoenas for records from these entities related to the disciplinary action. See id. The subpoenas were served on June 1 and 2, 2022, with a production date for both of June 22, 2022. See id.

          In her motion to quash, Plaintiff seeks an order quashing the two subpoenas issued by Defendant on June 1 and 2, 2022. See ECF No. 79, pg. 1. Plaintiff argues the subpoenas constitute untimely discovery requests pursuant to the scheduling orders in this case. See id. at 2. According to Plaintiff, she identified Dr. McKnight as a treating physician on September 9, 2020, in response to Defendant's first set of interrogatories. See id. Plaintiff notes that, nonetheless, Defendant waited until May 25, 2022, to take Dr. McKnight's deposition and has offered no explanation for this delay that would justify additional discovery based on information learned at the deposition. See id. at 2-3. Plaintiff's counsel states that he asked defense counsel to withdraw the subpoenas and advised that, if defense counsel did not do so, Plaintiff would be forced to file the instant motion to quash. See id. at 4. Defendant has not withdrawn the subpoenas and Plaintiff now seeks an award of reasonable expenses in the amount of $1,750.00 for five hours of attorney time at a rate of $350.00 per hour. See id. at 4.

          Having considered the parties' arguments, the Court finds that the subpoenas issued on June 1 and 2, 2022, are patently untimely pursuant to the terms of the District Judge's initial June 8, 2020, scheduling order. Specifically, that order required all discovery to be "completed" by the discovery deadline, which has been extended to June 3, 2022. On their face, the subpoenas set a production deadline of June 22, 2022, which is past this deadline. As such, the discovery sought by the subpoenas cannot be "completed" by June 3, 2022. The Court also finds that Defendant has not demonstrated good cause for an extension of the June 3, 2022,

discovery completion deadline.  Notably, Defendant was aware that Dr. McKnight was a treating physician as early as September 2020, and Defendant provides no explanation whatsoever as to why it waited until nine days before the discovery completion deadline to depose Dr. McKnight. Defendant's ex parte motion to extend the discovery completion deadline will be denied and Plaintiff motion to quash the two subpoenas at issue will be granted.

Finally, the Court finds that an award of reasonable expenses to Plaintiff pursuant to Federal Rule of Civil Procedure 37 is appropriate.  Rule 37 requires the Court to award reasonable expenses if, as here, a discovery motion is granted, after providing the party whose conduct necessitated the motion an opportunity to be heard.  See Fed. R. Civ. P. 37(a)(5)(A). Consistent with this rule, the Court will provide Defendant an opportunity to file a brief in opposition to Plaintiff's request for an award of reasonable expenses before entering such an order.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's ex parte motion, ECF No. 78, for an extension of the discovery completion deadline to June 30, 2022, is denied;

2. Plaintiff's motion, ECF No. 79, to quash subpoenas is granted;

3. Defendant may file an opposition to Plaintiff's request for an award of $1,750.00 in reasonable expenses on or before June 8, 2022, after which time the Court will enter a further order awarding reasonable expenses to Plaintiff.

Dated:  June 3, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE