IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY WAGNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHASTA COUNTY,<br><br>　　　　Defendant. | No. 2:20-CV-0403-JAM-DMC<br><br><br>ORDER |

Plaintiff, who is proceeding with retained counsel, brings this civil action. Pending before the Court is Plaintiff's renewed motion, ECF No. 85, for an order allowing Plaintiff to take the deposition of Defendant's counsel, Mildred O'Linn, Esq. Plaintiff relies on the joint statement filed in support of the original motion to compel defense counsel's deposition, ECF No. 73, which was denied without prejudice to renewal following a second deposition of Mr. Wagner, ECF No. 77. Defendant has filed a separate opposition, ECF No. 86, to Plaintiff's renewed motion.

The parties appeared before the undersigned for a telephonic hearing on August 17, 2022, at 10:00 a.m., following which the matter was submitted.

/ / /

/ / /

/ / /

1

## I. PROCEDURAL BACKGROUND

This action proceeds on Plaintiff's original complaint, filed in the Shasta County Superior Court and removed to this court under the court's federal question jurisdiction. See ECF No. 1. Plaintiff alleges excessive force during her incarceration at the Shasta County Jail in Redding, California. See id. Pursuant to the most recent modified scheduling order, the deadline to complete all discovery was June 3, 2022. See ECF No. 60.

On May 25, 2022, the Court granted Defendant's motion to allow a second deposition of Mr. Wagner, Plaintiff's estranged husband, who had recanted his original deposition testimony in a recorded statement obtained by defense counsels' investigator on November 5, 2021. See ECF No. 75. The Court also ordered a copy of the November 5, 2021, recorded statement be produced to Plaintiff. See id. Finally, the Court extended fact discovery to June 17, 2022, for the limited purpose of taking Mr. Wagner's second deposition. See id. Plaintiff's original motion for leave to depose defense counsel Ms. O'Linn was denied without prejudice to renewal following Mr. Wagner's second deposition. See ECF No. 77.

To date, Defendant has been unable locate Mr. Wagner and his second deposition has not been taken.

## II. DISCUSSION

Plaintiff properly seeks advance leave of Court pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(i) because the deposition currently sought would exceed the limit on ten depositions, which have already been taken. Defense remains of the position that, pursuant to the Court's prior order denying leave to take Ms. O'Linn's deposition without prejudice to renewal following Mr. Wagner's second deposition, the renewed request continues to be premature because Mr. Wagner's second deposition has not yet been taken.

A party seeking leave to take in excess of ten depositions under Rule 30(a)(2)(A)(i) must make a particularized showing that the discovery is necessary. See C&CC Jewelry Mfg., Inc. v. West, 2011 U.S. Dist. LEXIS 24706, 2011 WL 767839, at *1 (N.D. Cal. 2011). The Court may permit the deposition of opposing counsel in limited circumstances

when the party seeking the deposition shows: (1) no other means exist to obtain the information; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case.  See Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986); see also Cave Consulting Grp., Inc. v. OptumInsight, Inc., 2017 U.S. Dist. LEXIS 183672, at *22-23 (N.D. Cal. 2017) (applying Shelton).  Motions to depose opposing counsel are disfavored.  See Harter v. CPS Security (USA), Inc., 2013 U.S. Dist. LEXIS, at *21-22 (D. Nev. 2013).

        Here, the burden lies with Plaintiff to make a particularized showing for an eleventh deposition and to show the need for a disfavored deposition of opposing counsel.  Plaintiff has failed to do so.  Plaintiff has not shown that Ms. O'Linn's deposition is necessary for her to prosecute her claims on the merits.  While Plaintiff states that Ms. O'Linn's testimony is necessary for a motion to disqualify defense counsel, Plaintiff has not shown why disqualification is necessary to prosecute her claims on the merits.  To the extent Plaintiff asserts that Ms. O'Linn may have had improper communications with Mr. Wagner because he was represented by counsel at the time, Plaintiff has not adequately explained how such communications result in prejudice to her case.  This is particularly so given that the Court has ordered the recorded statement be produced and allowed for a second deposition of Mr. Wagner to explore what he did or did not tell defense counsel.  Nor has Plaintiff demonstrated that Ms. O'Linn possesses information which is crucial to preparation of Plaintiff's case.  Again, there is no showing of potential prejudice relating to privileged information in particular or her claims in general should Ms. O'Linn not be deposed.

        If Mr. Wagner is indeed represented by Plaintiff's counsel, as Plaintiff contends, Mr. Wagner continues to be the best source for what he did or did not tell Ms. O'Linn during their brief conversation prior to the recorded statement being obtained by defense counsels' investigator.  Moreover, Plaintiff's counsel, who purportedly represents Mr. Wagner, is in the best position to locate Mr. Wagner and provide that information to Defendant for purposes of serving a deposition subpoena.

///

Finally, it appears to the Court that Plaintiff is already in possession of the information she now seeks by way of Ms. O'Linn's deposition. Specifically, the Court notes Ms. O'Linn's declaration, executed on March 21, 2022, and filed with the Court at ECF No. 62-1. In that declaration, Ms. O'Linn provides answers to the questions Plaintiff's counsel stated at the hearing he intends to ask, specifically questions about the nature and content of Ms. O'Linn's communication with Mr. Wagner. Ms. O'Linn first states that she has personal knowledge of the matters outlined in her declaration. See id. at 1. Ms. O'Linn further states:

> 3. On November 5, 2021, Mr. Wagner contacted our office and indicated that he wanted to correct his prior testimony given at his deposition. Mr. Wagner indicated that he and Ms. Wagner [Plaintiff] were in the process of divorcing and that he wanted to correct statements that he had made regarding the subject use of force incident and plaintiff's alleged injuries. He further indicated that he knew that by correcting such testimony he may be in danger of the penalties associated with committing perjury, but that he wanted to do so nonetheless. Mr. Wagner affirmatively stated that plaintiff had offered him monetary inducements in the form of half of whatever recovery she obtained in the lawsuit for him to provide favorable testimony for her at his deposition and that plaintiff was malingering with regard to her alleged injuries.

Id. at 2.

Ms. O'Linn also stated in her declaration that, due to the nature of Mr. Wagner's representations, it was not appropriate for them to speak. See id. Ms. O'Linn had no further contact with Mr. Wagner. As indicated above, Ms. O'Linn stated in her declaration that the matters contained therein were based on her personal knowledge.

The Court finds that Ms. O'Linn's declaration sets forth the very limited nature of her communication with Mr. Wagner on two discreet topics – Mr. Wagner's contention that Plaintiff offered him a monetary inducement for his original deposition testimony, and Mr. Wagner's contention that Plaintiff is malingering with respect to her injuries. Ms. O'Linn's declaration also establishes that Mr. Wagner was provided notice that it was inappropriate for them to communicate further. It is unclear what further information Plaintiff would be able to obtain from deposing Ms. O'Linn. Plaintiff has not adequately explained why she cannot pursue her efforts at disqualification of defense counsel on the current record.

As explained above, the deposition of an opposing party's attorney is highly

disfavored in the context of a pending action and, in this case, is a step secondary to the deposition of Mr. Wagner. Until such time as there is a second deposition of Mr. Wagner to sort out what, if anything, was said to and by Ms. O'Linn not otherwise reflected in her declaration, the deposition of Ms. O'Linn will not be permitted at this time.

As to taking Mr. Wagner's second deposition, the Court previously extended discovery to June 16, 2022, for this limited purpose. If Mr. Wagner is located, the Court will entertain a request to further extend the time within which to take Mr. Wagner's deposition. Absent such a request, discovery remains closed.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's renewed motion, ECF No. 85, for an order allowing Plaintiff to take the deposition of Defendant's counsel, Mildred O'Linn, Esq., is denied.

Dated:  August 22, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

5