1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF CALIFORNIA

7

8    CINDY WAGNER,                          No. 2:20-cv-00403-JAM-DMC

9                Plaintiff,

10        v.                                **ORDER DENYING PLAINTIFF'S**
                                            **MOTION TO REINSTATE MONELL**
11   SHASTA COUNTY, et al.,                 **CLAIMS AND MOTION FOR**
                                            **RECONSIDERATION**
12              Defendants.

13

14        This matter is before the Court on Plaintiff's motion for

15   reconsideration.  See Mot. for Reconsideration ("Mot."), ECF

16   No. 98.  Plaintiff asks the Court to reinstate Plaintiff's Monell

17   claims and to reconsider its order denying Plaintiff's motion to

18   amend her complaint.  See Order Granting in Part and Denying in

19   Part Def.'s Mot. for Judgment on the Pleadings, ECF No. 25; see

20   also Order Denying Pl.'s Mot. to Amend, ECF No 35.  Defendants

21   oppose Plaintiff's motion.  See Opp'n, ECF No. 101.  Plaintiff

22   replied.  See Reply, ECF No. 102.  For the reasons set forth

23   below, the Court DENIES Plaintiff's motion to reinstate claims

24   and motion for reconsideration.[1]

---

25   [1] The Court declines to entertain Plaintiff's unsubstantiated
26   request that the Court refrain from ruling on this matter and
     instead remand this case back to state court.  Mot. at 10.
27   Further, this motion was determined to be suitable for decision
     without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28   scheduled for November 1, 2023.

1              I.   FACTUAL AND PROCEDURAL BACKGROUND

2         In April of 2019, Plaintiff and her husband were arrested

3    and placed into custody at the Shasta County Jail for an alleged

4    verbal dispute.  Compl. ¶ 10, Exh. A to Notice of Removal, ECF

5    No. 1.  Plaintiff alleges that she was subjected to excessive

6    force during the booking process, when a deputy, while

7    handcuffing her, pulled her left hand behind her back, shoved her

8    face-first into a wall, threw her on the ground, and then got on

9    top of her.  Id. ¶ 18.  Plaintiff alleges several other officers

10   got on top of her as well, although she weighed only 113 pounds

11   and was 5'5" tall.  Id. ¶¶ 19-20.

12        As a result of this unnamed deputy's actions, Plaintiff

13   sustained serious injuries, including a large contusion and

14   hematoma to her forehead, a broken C-3 vertebra in her neck, a

15   broken nose, a concussion, and lacerations to her face and lip.

16   Id. 22.  Plaintiff was taken to the jail's infirmary, where she

17   was treated for bleeding, and then escorted to a cell.  Id.

18   ¶¶ 23-24.  Plaintiff requested further medical aid.  Id. ¶ 25.

19   She was transported to Mercy Medical Center's Emergency

20   Department, treated, and returned to the jail where she spent the

21   night in custody.  Id. ¶¶ 26, 28.  Plaintiff was released from

22   custody the following day.  Id. ¶ 28.

23

24                          II.   OPINION

25        A.   Motion to Reinstate Monell Claims

26        Plaintiff moves for an order reinstating her Monell claims,

27   which the Court previously dismissed without prejudice.  Mot. at

28   5.  In support of her motion, Plaintiff refers the Court to her

                                  2

1  opposition to Defendants' pending motion for summary judgment.

2  Id.  There being no legal authority directing the Court to do so,

3  the Court declines to consider arguments not properly raised in

4  the moving papers.  Plaintiff had ample space under the Court's

5  page limit to properly brief this matter.

6       "Although plaintiffs style their motion as a motion to

7  reinstate their dismissed claims it is more appropriately treated

8  as a motion to file an amended complaint."  Cairns v. Franklin

9  Mint Co., 120 F. Supp. 2d 880, 881 (C.D. Cal. Jun. 19, 2000).  A

10  party seeking amendment after the Court has filed a pretrial

11  scheduling order must satisfy Federal Rule of Civil

12  Procedure 16(b)'s "good cause" requirement.  Johnson v. Mammoth

13  Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).  This

14  "good cause" requirement looks to the "diligence of the party

15  seeking amendment" and "the existence of degree of prejudice to

16  the party opposing the modification."  Johnson, 975 F.2d at 609.

17  If the moving party was not diligent, the Court's inquiry ends.

18  Id.

19       The Court finds that Plaintiff has not been diligent in

20  pursuing amendment.  The Court dismissed Plaintiff's Monell

21  claims nearly two years ago on November 3, 2020.  See ECF No. 25.

22  Although the Court's dismissal was without prejudice, Plaintiff

23  did not replead her Monell claims.  Rather, when Plaintiff did

24  move for leave to amend, her request was cabined to adding a new

25  defendant to the action.  Mot. to Amend. at 2, ECF No. 28-1.  In

26  that same motion, Plaintiff clearly stated her intent to

27  "delete[] allegations that relate to possible Monell

28  liability . . . consistent with the court's [sic] ruling on

1  Defendants' Motion for Judgment on the Pleadings and a prior

2  stipulation between parties." Id. at 2-3.  Plaintiff presents no

3  persuasive reason why, after the close of factual discovery and

4  the dispositive motion deadline, she now wishes to reinstate

5  claims she had previously indicated she would relinquish.

6  Plaintiff implies that new facts were uncovered during discovery

7  but fails to specify what they are.

8      As such, the Court finds that Plaintiff has failed to

9  diligently pursue her proposed amendment.  Lacking "good cause"

10  under Rule 16(b), the Court declines to permit amendment.  Also,

11  though the Court need not reach parties' Rule 15 arguments in

12  light of this finding, the Court notes that Plaintiff's undue

13  delay in seeking to reinstate her Monell claims is unlikely to

14  satisfy even the "liberal amendment policy" under Rule 15.

15      For the reasons stated above, the Court denies Plaintiff's

16  motion to reinstate her Monell claims.

17      B.   Motion for Reconsideration of Motion to Amend

18      Plaintiff moves for reconsideration of her motion to amend

19  under Federal Rule of Civil Procedure 60 and Local Rule 230.

20      As a threshold matter, Rule 60 is inapplicable here, because

21  Rule 60 only governs reconsideration of a "final judgement,

22  order, or proceeding."  Fed. R. Civ. Civ. P. 60(b).  The Court's

23  order denying leave to amend is not a final order, as it is

24  neither a final judgment nor a directly appealable interlocutory

25  order.  See Corn v. Guam Coral Co., 318 F.2d 622, 628-29 (9th

26  Cir. 1963) (discussing the scope of Rule 60).  "Such orders, as a

27  class, contemplate further proceedings in the district court, and

28  [thus] fail to qualify under Cohen as a 'final disposition of a

4

1   claimed right' [permitting an appeal]."   <u>Bradshaw v. Zoological</u>

2   <u>Soc. Of San Diego</u>, 662 F.2d 1301, 1304 (9th Cir. 1981) (citing

3   <u>Cohen v. Beneficial Indus. Loan Corp.</u>, 337 U.S. 541, 546 (1949).

4   The Court thus declines to consider Plaintiff's Rule 60 arguments

5   as grounds for reconsideration.

6        However, where reconsideration of a non-final order is

7   sought, the Court does have "inherent jurisdiction to modify,

8   alter or revoke it."   <u>United States v. Martin</u>, 226 F.3d 1042,

9   1049 (9th Cir. 2000).   As Plaintiff notes, the Eastern District

10  Local Rules permit motions for reconsideration under Local

11  Rule 230.   Local Rule 230(j) requires counsel to identify "the

12  material facts and circumstances surrounding each motion for

13  which reconsideration is sought, including: (1) when and to what

14  Judge or Magistrate the prior motion was made; (2) what ruling,

15  decision, or order was made thereon; (3) what new or different

16  facts or circumstances are claimed to exist which did not exist

17  or were not shown upon such prior motion, or what other grounds

18  exist for the motion; and (4) why the facts or circumstances were

19  not shown at the time of the prior motion."   E.D. Cal. Local

20  R. 230(j).   As other Eastern District courts have explained, "a

21  motion for reconsideration is not a vehicle to reargue the motion

22  or present evidence which should have been raised before."

23  <u>United States v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131

24  (E.D. Cal. 2001) (internal citations omitted).

25       Here, Plaintiff argues that the Court's previous findings in

26  support of its order denying leave to amend were "clearly

27  erroneous," but she does not present a shred of new evidence to

28  support this contention.   Mot. at 8.   Plaintiff insists that her

1  delay in bringing her original motion to amend was due to the

2  actions of a former associate attorney at her firm, concluding

3  that "Plaintiff should be relieved of the mistake, inadvertence,

4  or excusable neglect of her original attorney." Id.  This,

5  however, is the same argument she presented to the Court in 2021.

6       The inquiry under the local rule is whether "new facts or

7  circumstances . . . which did not exist at the time of the prior

8  motion" are present.  E.D. Cal. Local R. 230(j) (emphasis added).

9  They are not.  Plaintiff's motion amounts to little more "than a

10  disagreement with the Court's decision, and recapitulation of the

11  cases and arguments considered by the court before rendering its

12  original decision." Westlands Water Dist., 134 F.Supp.2d at

13  1131.

14       As such, finding that Plaintiff has failed to meet her

15  burden as the moving party, the Court denies her motion for

16  reconsideration.

17

18                       III.   ORDER

19       For the reasons set forth above, the Court DENIES

20  Plaintiff's Motion to Reinstate Monell Claims and Motion for

21  Reconsideration.

22       IT IS SO ORDERED.

23  Dated: October 25, 2022

24

25  _____

26  JOHN A. MENDEZ
   SENIOR UNITED STATES DISTRICT JUDGE

27

28

6