UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CINDY WAGNER,

Plaintiff,

v.

SHASTA COUNTY, et al.,

Defendants.

No. 2:20-cv-00403-JAM-DMC

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendant's motion for summary judgment ("MSJ"). See Mot. for Summary Judgment, ECF No. 90. Plaintiff opposes the motion.[1] See Opp'n, ECF No. 97. Defendant replied. See Reply, ECF No. 99.[2]

///

///

[1] As Defendant points out, Plaintiff's opposition pleading was untimely under the Court's local rules. Reply at 3. While "failure to file a timely opposition may [be] construed by the Court as a non-opposition" under Local Rule 230(c), the Court in its discretion will consider the opposition in the interests of judicial economy.

[2] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for November 1, 2022.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of Plaintiff's arrest and subsequent booking at Shasta County Jail following a domestic dispute. See Def.'s Statement of Undisputed Facts ("DSUF") ¶ 1, ECF No. 90-1. Plaintiff alleges she was subjected to excessive force during the course of her detention in violation of her constitutional rights. Id. ¶¶ 11-15. Plaintiff was injured in the process of being handcuffed. Id. ¶¶ 16, 18. She was treated by the jail medical staff and, later, transported to Mercy Medical Center for further treatment. Id. ¶¶ 16, 20. Plaintiff was released the next day after she posted bail. Id. ¶ 22.

Plaintiff brought nine claims against Defendant. See Compl., Exh. A to Notice of Removal, ECF No. 1. There are seven claims remaining. See Order Granting in Part and Denying in Part Defendant's Motion for Judgment on the Pleadings, ECF No. 25 (dismissing Plaintiff's Monell claim); see also Stipulation and Order Signed by Magistrate Judge Cota on October 27, 2021, ECF No. 52 (dismissing Plaintiff's claim for intentional infliction of emotional harm). The Court takes up the remaining claims below.

## II. OPINION

### A. Legal Standard for Summary Judgment

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment should be granted cautiously, with due respect for a party's right to have its factually grounded claims and

defenses tried to a jury. Celotex Corp. v. Catrett, 477 U.S. 317, 327, (1986). The Court must view the facts and draw inferences in the manner most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, (1992); Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1161 (9th Cir. 1992). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case. Celotex, 477 U.S. at 323.

B. Claims One-Four under § 1983

The Court finds as a matter of law that Plaintiff's § 1983 claims for excessive force, unreasonable search and seizure, retaliation, and inadequate medical care cannot proceed against Defendant Shasta County, because a municipality cannot be held liable under § 1983 for the actions of its employees. As Defendant argued, "[i]n order for a municipality to be subject to damages liability under § 1983, a plaintiff must allege and ultimately show an official municipal policy caused his or her constitutional deprivation." MSJ at 11. Plaintiff must, in other words, allege and prove a Monell claim. See Monell v. Department of Social Serv., 436 U.S. 658, 691 (1978).

The Court has already dismissed Plaintiff's Monell claim in its order granting in part and denying in part Defendant's motion for judgment on the pleadings. See ECF No. 25. The Court also denied Plaintiff's recent request to reinstate her Monell claim, finding Plaintiff's delay in seeking amendment nearly two years after the claims were first dismissed to be without "good cause" under Rule 16. See Order Denying

Plaintiff's Motion for Reconsideration, ECF No. 103. There is, accordingly, no Monell claim at issue for summary judgment.

Separate and apart from Plaintiff's contentions that her Monell claims should be reinstated, Plaintiff argues that there remain "triable issues" of fact precluding summary judgment on her § 1983 claims. Opp'n at 10. These "triable issues," however, all concern the actions of a certain Deputy Van Gerwen, who is not party to this suit. The Court has twice denied Plaintiff's request to add Van Gerwen as a named defendant because of Plaintiff's unjustified and prejudicial delay in seeking amendment. See Order Denying Leave to Amend, ECF No. 35; see also Order Denying Motion for Reconsideration.

Given that the only named defendant, Defendant Shasta County, cannot be held vicariously liable under § 1983 for Deputy Van Gerwen's alleged actions, Plaintiff's § 1983 claims cannot proceed as a matter of law. The Court grants summary judgment for Defendant on Plaintiff's first through fourth claims under § 1983.

C. Supplemental Jurisdiction

Having found summary judgment appropriate for Defendant on Plaintiff's only federal claims, the Court considers the propriety of exercising supplemental jurisdiction over the remaining state law claims. A district court may decline supplemental jurisdiction over state law claims if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). In light of the discretionary nature of supplemental jurisdiction and the parties' joint request for Plaintiff's state law claims to be

remanded, the Court declines supplemental jurisdiction over Plaintiff's Bane Act, negligence, and battery claims. Opp'n at 17; Reply at 9; see Lima v. U.S. Dep't of Educ., 947 F.3d 1122, 1128 (9th Cir. 2020) (finding no abuse of discretion in declining to exercise supplemental jurisdiction when summary judgment is granted on all federal claims).

III. ORDER

For the reasons set forth above, the Court GRANTS Defendant's Motion for Summary Judgment on Claims 1-4. The Court DECLINES supplemental jurisdiction over Plaintiff's remaining state law claims. Defendant is ORDERED to provide the Court with a proposed judgment by November 15, 2022.

IT IS SO ORDERED.

Dated: November 1, 2022

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE